IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02227-NRN

J.Y.,[1]

      Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

      Defendant.

---

**OPINION AND ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

The government determined that Plaintiff D.Y. was not disabled for purposes of the Social Security Act. AR[2] 35. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). ECF No. 9.

**Standard of Review**

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence. *See Krauser v.*

---

[1] Pursuant to D.C.COLO.LAPR 5.2, "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. ECF Nos. 10, 10-1 through 10-10.

*Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011); *Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Parker v. Comm'r, SSA*, 772 F. App'x 613, 617 (10th Cir. 2019) ("If [plaintiff] is right about the legal error, we must reverse even if the agency's findings are otherwise supported by substantial evidence.").

"Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes a mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). However, it must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d, 1067, 1070 (10th Cir. 2007).

If the correct legal standards were applied and substantial evidence supports the findings of the Commissioner, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for

reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Background

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, bilateral knee degenerative joint disease, asthma, obesity, major depressive disorder, and generalized anxiety disorder. AR 20. The ALJ deemed numerous other impairments to be non-severe. *Id.*

The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations. *See id.* at 20–23.

After concluding that Plaintiff did not have an impairment or combination of impairments that met the severity of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work, as defined in 20 CFR 416.967(b), including the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, except she is able to frequently balance and climb ramps and stairs. She is able to occasionally stoop, kneel, crouch, crawl and climb ladders, ropes or scaffolds. She is able to tolerate frequent exposure to extreme cold, working at unprotected heights, operating heavy machinery and concentrated atmospheric conditions, as defined in Appendix D of the Selected

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

Characteristics of Occupations, 1993 edition. She is able to understand, remember and carry out more than simple but less than complex tasks that can be learned and mastered in up to six months' time or less. At such levels, she is able to maintain concentration, persistence or pace throughout a normal workday/week, make routine work-related decisions, plan and set goals, adapt to routine workplace changes, travel, and recognize and avoid ordinary workplace hazards.

AR 23.

After noting that Plaintiff had no past relevant work and a high school education, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform," including marker, routing clerk, and cashier. AR 34.

Accordingly, Plaintiff was deemed not to have been under a disability from April 6, 2022, through July 22, 2025, the date of the decision. AR 35.

## Analysis

Plaintiff argues that the ALJ erred as a matter of law by failing to properly evaluate the prior administrative medical findings of two state agency medical consultants, Dr. David Gillum and Dr. Erin Madden.

In assessing a claimant's RFC, the ALJ must address medical source opinions. *See Vigil v. Colvin*, 805 F.3d 1199, 1201–02 (10th Cir. 2015). The Commissioner considers the persuasiveness of each medical source's opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which encompasses the length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship); (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors in

4

evaluating persuasiveness are supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "[S]upportability examines how closely connected a medical opinion is to the objective medical evidence." *Mileto v. Comm'r, SSA*, No. 21-1403, 2022 WL 17883809, at *3 (10th Cir. Dec. 23, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency, on the other hand, "is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)). Relevant here, the ALJ must explain his approach with respect to these first two factors when considering a medical opinion, but he is not required to expound on the remaining three *unless* he finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(2)–(3), 416.920c(b)(2)–(3).

As this appeal turns on the ALJ's handling of Dr. Gillum and Dr. Madden's opinions, the Court will quote the decision at length:

> As for the prior administrative medical findings, at the initial level, David Gillum, M.D., a State agency medical consultant, found the claimant is capable of work at the light exertional level. She is able to frequently balance and climb ramps/stairs, but only **occasionally** stoop, kneel, crouch, crawl and climb ladders, ropes or scaffolds. She must avoid concentrated exposure to extreme cold, pulmonary irritants and hazards. Upon reconsideration, Erin Madden, M.D., a State agency medical consultant, found the claimant is capable of work at the light exertional level. She is able to **frequently** climb ramps and stairs, balance, stoop, kneel, crouch and crawl but only occasionally climb ladders, ropes or scaffolds. She must avoid concentrated exposure to extreme cold, pulmonary irritants and hazards (Exhibits D6A, D7A). **These prior administrative medical findings are persuasive** because they are supported by a review and summary of the evidence that shows the claimant had difficulty squatting and heel/toe walking due to obesity, but she ambulated with a normal gait. Her range of motion and sensation were diminished, but her strength was four of five in her upper and lower extremities. They also noted a history of asthma to support the limitation involving pulmonary irritants. This is

> consistent with the claimant's treatment notes that show she was obese, but she was able to ambulate effectively without an assistive device. There was tenderness and diminished range of motion in her neck, low back and knees, but her strength was only mildly diminished. There was evidence of asthma, but there were no ongoing exacerbations. Examinations showed her breath sounds were good, and a pulmonary function test was normal (Exhibits D11F/5, D15F/8-19, D21F/15, D26F/26, D30F/94-106, D30F/116-131, D34F/30, D35F/20-28). . . .

AR 31–32 (emphasis added).

Plaintiff notes that even though the medical opinions differed—Dr. Gillum opined that Plaintiff is limited to *occasional* stooping, kneeling, crouching, and crawling; Dr. Madden thought Plaintiff could handle *frequent* stooping, kneeling, crouching, and crawling—the ALJ found them both persuasive. Plaintiff argues that under these circumstances, the ALJ was required to discuss the other factors set forth in paragraphs (c)(3) through (c)(5) of 20 C.F.R. § 404.1520c(b)(3) because when "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported" and "consistent with the record" but "not exactly the same," the ALJ "*will* articulate how [they] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section." 20 C.F.R. § 404.1520c(b)(3) (emphasis added). In other words, "in the event of a 'tie,' the ALJ's explanation of the latter three factors becomes compulsory rather than discretionary." *Smith v. Kijakazi*, No. 4:21-cv-02863, 2022 WL 4473704, at *4 (S.D. Tex. Sept. 26, 2022).

The Commissioner, on the other hand, while not disputing that the ALJ failed to discuss the other persuasive factors, argues that this error was harmless and the ALJ's decision should be affirmed.[4] The Court agrees.

---

[4] The Court rejects the Commissioner's claim that Plaintiff waived any harmless error argument by not explicitly raising it in her opening brief. Plaintiff filed this appeal on

"[T]he failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). "But the failure to apply the proper legal standard requires reversal only where the error was harmful." *Kidd v. Comm'r, SSA*, No. 21-1363, 2022 WL 3041097, at *2 (10th Cir. Aug. 2, 2022); *cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination). The standard for harmless error requires a finding that, considering the evidence before the ALJ, the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *see also Armijo v. Astrue*, 385 F. App'x 789, 792 (10th Cir. 2010); *Robinson v. Berryhill*, No. 18-cv-03027-CMA, 2020 WL 1234880, at *3 (D. Colo. Mar. 13, 2020). Where the court "can follow the [ALJ's] reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary*, 695 F.3d at 1166.

Plaintiff cites authority from districts in Texas, Kansas, and New York where, as here, the ALJs found the doctors' opinions to be persuasive but the opinions were inconsistent. *See* ECF No. 11 at 12–14 (citing *Kelly Renee K. v. O'Malley*, No. CV 22-2518-JWL, 2024 WL 775838, at *4 (D. Kan. Feb. 26, 2024); *Fuller v. Comm'r of Soc. Sec. Admin.*, No. EP-23-cv-00417-KC-MAT, 2025 WL 747880 (W.D. Tex. Feb. 18,

---

the grounds that the ALJ's failure to comply with the regulations necessitates reversal; *i.e.*, that the legal error committed was harmful.

2025); *Elizabeth P. V. Comm'r of Soc. Sec.*, No. 3:20-CV-891 (CFH), 2022 WL 507367 (N.D.N.Y. Feb. 18, 2022)). These cases are distinguishable, however. First, the court in *Kelly Renee K.* did not address whether the ALJ's failure to consider the other factors constituted harmful error, presumably because the issue was not raised by the parties. Next, in *Fuller*, it was the ALJ's reliance on a *factual mistake*, "paired with the ALJ's legal error in deeming [the doctor's] medical opinion persuasive without analyzing the required 20 C.F.R. § 404.1520c(c)(3)–(c)(5) factors," that warranted remand. 2025 WL 747880, at *9. And in *Elizabeth P.,* the court explicitly stated that it was "ordering remand because of the deficiencies in the ALJ's review of the *consistency* and *supportability* factors," only noting that on remand the Commissioner should discuss the remainder of the additional factors when required to do so by the regulations. 2022 WL 507367, at *15 (emphasis added). Here, in contrast, the Commissioner does argue that any error by the ALJ was harmless, and Plaintiff does not challenge the ALJ's consistency and supportability determinations or argue that the ALJ made any factual mistakes.

Instead, the Court persuasive the recent decision by United States Magistrate Judge Joe J. Volpe in *Jennings v. Bisignano*, No. 4:25-cv-00455-LPR-JJV, 2026 WL 74269 (E.D. Ark. Jan. 9, 2026). The facts in *Jennings* are almost identical to those in the instant case: regarding the plaintiff's physical impairments, one doctor found she could only occasionally climb, balance, stoop, kneel, crouch, and crawl, while the other found she was only limited in stooping and kneeling. 2026 WL 74269, at *2. Despite these differences, the ALJ found both opinions persuasive. *Id.* Judge Volpe deemed any error harmless:

8

> [T]he differing opinions by Drs. Humphries and Harrison were resolved at Step 5, where the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Dr. Humpries found Plaintiff was more limited and could only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 71.) Dr. Harrison only found Plaintiff was limited to where she could occasionally stoop and kneel. (Tr. 92.) The ALJ, finding both doctors' opinions persuasive, said "She can engage in only occasional stooping and crouching." (Tr. 34.) While these discrepancies apparently did impact the ALJ's RFC assessment, I find any error is harmless because none of the jobs identified—routing clerk, merchandise marker, small products assembler, table worker, telephone quote clerk, and tube operator—require any climbing, balancing stooping, kneeling crouching or crawling. So, Drs. Humphries and Harrison's conclusions about whether or not Plaintiff can climb, balance, stoop, kneel, crouch or crawl, has no bearing whatsoever on the ALJ's conclusion that Ms. Jennings has the RFC to perform these six jobs. Accordingly, there is no error here.
>
> The important question—overshadowed by the technical argument raised—is whether Ms. Jennings is disabled. She is not. In this case, the record contains ample evidence to support the ALJ's decision. . . .

2026 WL 74269, at *3 (footnote omitted).

The same is true here. None of the jobs put to the vocational expert and identified in the decision (merchandise marker, routing clerk, or cashier II) require stooping, kneeling, crouching, and crawling. Thus, any inconsistency regarding how frequently Plaintiff can stoop, kneel, crouch, and crawl has no bearing on whether Plaintiff has the RFC to perform these jobs, and any error the ALJ made applying 20 C.F.R. § 404.1520c(b)(3) is harmless.

In sum, the Court finds that the record contains substantial evidence from which the ALJ reasonably concluded that Plaintiff is not disabled and that no harmful error occurred.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Plaintiff's Complaint, ECF No. 1, is DISMISSED.

Dated this 8th day of May, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge